Submitted on record and briefs May 7, 1999, reversed and remanded with
instructions April 12, 2000

## Mike H. SALDANA,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT
## and Thompson Motors,
*Respondents.*

## (98-AB-2167; CA A104319)

998 P2d 804

Mike H. Saldana filed the brief *pro se.*

Philip Schradle, Assistant Attorney General, waived appearance for respondent Employment Department.

No appearance by respondent Thompson Motors.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Claimant seeks review of an order of the Employment Appeals Board (EAB), contending that it erred in concluding that he was not entitled to unemployment benefits because he was discharged for misconduct. We reverse because EAB's dispositive finding that claimant's absence from work constituted misconduct was not supported by substantial evidence.

■   EAB found as follows. Claimant was a car salesperson for employer and was expected to report to work as scheduled or to notify his employer of any absence at least 30 minutes before his work shift began. On July 26, 1998, claimant was not scheduled to work. That day he discovered he needed to make immediate repairs to his float house and its ramp. The repair work would take several days. Claimant was scheduled to work the next day, July 27, 1998. On the morning of the 27th, his fiancée called employer to report that claimant would be absent for two days to complete repairs on the float house. Based on his fiancée's telephone call, claimant neither called his employer nor reported to work on July 28, 1998. The next day, July 29, 1998, claimant called his employer and reported that he would not be able to work that day because repairs would take another day. Those messages were not relayed accurately to claimant's supervisor. On July 30, 1998, claimant was not scheduled to work, but he reported anyway to make up for the days he was absent. Employer discharged claimant for failing to provide proper notification of his absences and, therefore, for not working.

EAB concluded that claimant did not violate employer's notification policy in the event of an absence. Nonetheless, EAB concluded that employer had a reasonable right to expect claimant to report as scheduled except for illness or emergencies and that claimant's failures to report to work constituted misconduct. Apparently, EAB did not consider repairing a damaged float house to be an emergency. Ultimately, EAB held that claimant was discharged for misconduct and, therefore, was not entitled to unemployment benefits. ORS 657.176(2)(a).

■ In reviewing EAB's determination, we must determine whether its findings are supported by substantial evidence and whether there is a rational connection between those findings of fact and the legal conclusions EAB drew from the findings. *Perez v. Employment Dept.*, 164 Or App 356, 360, 992 P2d 460 (1999); *Coffey v. Employment Dept.*, 147 Or App 649, 654, 938 P2d 805 (1997).

EAB correctly found that, although employer discharged claimant for failing to give advance notice of his absence, claimant had, in fact, given such notice through his fiancée. Thus, there was no misconduct in that regard. However, as noted, EAB also found that, notwithstanding the giving of notice, claimant's absence from work to repair the float house was, in and of itself, misconduct. Nothing in the record supports that finding. The testimony of the manager who discharged claimant is to the contrary. That testimony indicates that the manager would not have taken disciplinary action against claimant for taking time off to repair his float house: "I mean, if you got a boat sinking you need to take time off for a day, that would be fine, but I should've been notified at that time that he needed additional days off also." The Board's determination that claimant's refusal to report for work was misconduct is unsupported by substantial evidence. Consequently, the Board erred in concluding that claimant is not entitled to benefits.

Reversed and remanded with instructions to allow benefits.